937 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Elmer GROSS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis William COLVIN, Defendant-Appellant.
 Nos. 90-5712, 90-5718.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1991.
Decided July 3, 1991.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CR-90-192-K)
 William O. Goldstein, Goldstein & Miller, Baltimore, Md. (Argued), for appellants; Andrew Joseph Burns, Baltimore, Md., on brief.
 Geoffrey Robert Garinther, Assistant United States Attorney, Baltimore, Md. (Argued), for appellee; Breckinridge L. Willcox, United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, CHAPMAN, Senior Circuit Judge, and CLAUDE M. HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants Gross and Colvin were convicted of possession with intent to distribute heroin in violation of 21 U.S.C. Sec. 841(a)(2) and use of a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). They appeal, claiming the district court erred by admitting into evidence the heroin found in their Lincoln automobile and in their apartment. They also claim that the evidence was not sufficient to link them to such heroin and that the evidence was not sufficient to link the handguns found on their persons at the time of their arrest to the drug trafficking crime of which they were convicted. Appellant Gross also claims the district court erred in not granting him a two level reduction in his base offense level for acceptance of responsibility. We find no merit to any of these exceptions, and we affirm.
 
 I.
 
 2
 The Baltimore County Police suspected that the appellants might be connected with a homicide which occurred on April 24, 1990 and placed them under surveillance. During the early morning hours of April 28, 1990, Baltimore County detectives observed the appellants going to their apartment on Flanders Road in Baltimore County. Appellants rented this apartment under the aliases of William Brock and Jamal Boyce. The officers observed Gross park a 1990 white Lincoln Towncar outside the apartment. Later the same morning, both Gross and Colvin exited the apartment and entered the Lincoln Towncar. Colvin was in the driver's seat and Gross was seated on the passenger side of the front seat when they were arrested. Each appellant had a loaded automatic pistol in his waistband, and both carried beepers.
 
 
 3
 The detectives impounded the car and then obtained a search warrant for the automobile and the apartment. During the search, they discovered an open Pepperidge Farm cookie bag containing 40.26 grams of heroin and 88 baggies in the automobile. They found 46.3 grams of heroin in the apartment, as well as other drug paraphernalia including a triple beam scale, a heat sealer, boxes of small baggies and various spoons, strainers and grinders used in the drug business. They also found another handgun and some ammunition.
 
 
 4
 At trial no reference was made to the homicide investigation, and neither appellant objected to the admission of any of the narcotics evidence. Prior to trial neither appellant filed a motion to suppress any of the evidence used against them at trial. Appellants contended that their ownership of a nightclub, Stardom Club or Stardom Lounge, explained all of their activities. They asserted that they were required to maintain large amounts of cash because they paid their musical talent in cash. They also claim that they treated their musical acts in a first class manner, and this was the reason for the large leased automobiles. They contend that the guns were necessary to protect the large amounts of cash they carry because it was common knowledge that they usually had possession of such large amounts of currency. They stated that the apartment was kept for recreational purposes and relaxation of their employees and entertainers and that they had no knowledge of the presence of heroin. Obviously, the jury did not go along with this explanation.
 
 II.
 
 5
 Although appellants filed a total of fourteen motions prior to trial, none of these motions challenged the admissibility of the narcotics found in the apartment or the automobile, and the heroin was admitted without objection. Under Federal Rule of Criminal Procedure 12(f), a party's failure to raise defenses or objections which must be made prior to trial constitutes a waiver, except for good cause shown. The pretrial motions procedure is designed to eliminate from trial disputes over police conduct not immediately relevant to the question of guilt. Now, after the trial at which no objection was made to the admission of this evidence, and after having failed to make any motion to suppress, the appellants claim error in the admission of this evidence. This objection comes too late, and no cause has been shown nor any explanation given for the failure to challenge the evidence by pretrial motion or objection at trial.
 
 III.
 
 6
 Appellants claim that the evidence was not sufficient to link them to the narcotics found in the apartment or the Lincoln automobile because (1) their fingerprints were not found on any of the narcotics containers, (2) a defense witness stated that he left the narcotics in the apartment, and (3) Colvin testified that he did not use or deal in drugs.
 
 
 7
 Fingerprints are not the only type of evidence that could connect the appellants to the narcotics found. Although fingerprints might be of assistance in proving actual possession of the narcotics by an individual, they are not necessary to the proof of either actual or constructive possession. The appellants stipulated at trial that they rented the apartment under aliases. The search revealed an apartment containing heroin as well as much of the paraphernalia used by drug dealers. The appellants had just left the apartment when they were arrested, and the appellants had been in the apartment for several hours prior to their arrest. This evidence was sufficient to show that they had constructive possession of the contents of the apartment, including the heroin. See United States v. Samad, 754 F.2d 1091 (4th Cir.1984) (individual has constructive possession when he exercises or has the power to exercise control over the substance.)
 
 
 8
 Likewise, there was sufficient evidence to show that appellants had possession of the drugs found in the car. The cookie bag containing narcotics was found in the automobile between the two front seats of the car, which meant the narcotics were within reach of Gross and Colvin at the time they were arrested. This gave them actual possession of the heroin. When this evidence was combined with the heroin and paraphernalia found in the apartment and the guns being carried by both appellants and the beepers discovered on their person, there was sufficient evidence to prove beyond a reasonable doubt that Gross and Colvin possessed the heroin and were drug traffickers.
 
 
 9
 Finally, we find no merit to the claim that the evidence was insufficient to link the loaded handguns found on the appellants to the drug trafficking crime of which they were convicted. The weapons were loaded, one was cocked, and they were located in the waistbands of the appellants' clothing when they were arrested. The appellants were leaving a drug-dealing apartment, and they were in a drug-bearing automobile. It is difficult to think of a stronger case unless the appellants had actually brandished or fired the weapons.
 
 IV.
 
 10
 We also reject appellant Gross' claim that he was entitled to a two level reduction for acceptance of responsibility. The probation officer, who recommended a two level reduction, admitted that Gross did not submit his own account of the offense, but the probation officer believed that Gross expressed deep regret for his illegal conduct. A vague expression of regret is not sufficient, particularly where an appellant withheld his own account of the offense from both the probation officer and the trial court. One should be able to advise the trial court of what he has done, if he expects to accept responsibility for what he has done.
 
 
 11
 The trial court's decision to grant or deny acceptance of responsibility is not controlled by the recommendation of the probation officer or the presentence report. United States v. White, 875 F.2d 427 (4th Cir.1989). It is the appellant's burden to establish, by a preponderance of the evidence, that he is entitled to the two level reduction for acceptance of responsibility. United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir.), cert. denied, 110 S.Ct. 346 (1989). The sentencing court's determination that the appellant was not entitled to a two level reduction for acceptance of responsibility is a factual issue and the finding by the court in this case was not clearly erroneous. Therefore, the convictions and sentences of both Colvin and Gross are
 
 
 12
 AFFIRMED.